TALIAFERRO, Judge.
This is a petitory action in which the plaintiff seeks to dispossess the defendant, his father, of ninety acres of land in Webster Parish, Louisiana, described as follows:
. “W y2 of the SW %, and the south 10 acres of the NE of the SW of Section 11, Township 19 North, Range 10 West”.-
This land with thirty acres adjacent, owned by the defendant, in the year 1934, was mortgaged by him to Federal Land Bank of New Orleans, Louisiana, for $1,-200.00. In April 1939, he was so much in arrears with the bank that foreclosure of the mortgage was threatened. The defendant appealed to plaintiff for financial assistance, and the situation was eased by the father conveying to the son by warranty deed, in notarial form, on April 19,1939, the NW % of the SW j4. The price of the sale as expressed in the act, was $100.00 cash and the assumption by the plaintiff of $625.00, “which is one-half of the Federal Land Bank mortgage due on the 120 acres, the Land Bank mortgage being $1,200.00”.
On September 19, 1942, the defendant executed another deed to-the plaintiff whereby, he sold and conveyed the other fifty acres involved herein. The price of this sale is declared to be $1,440.00, of which *374 amount $440.00 was in cash to the vendor to enable him to discharge financial obligations to that extent to others, “and for the balance of the said purchase price vendee assumes to pay Federal Land Bank of New Orleans the amount of $1,000.00, being the approximate balance due * * * under that certain mortgage executed by Dennis Owens on March 6, 1934, in the original amount of $1,200.00 * * * and secured by mortgage on the within described property and other property, * * * ' and this obligation on the part of the vendee includes previous obligation on his part as shown by deed from Dennis Owens in favor of the vendee”, etc.
Possession under neither of the said deeds was delivered to plaintiff. The defendant actually lived upon the thirty acres not conveyed. So far as needs be here stated, the defendant resisted the suit on the following grounds, viz:
1. That the first deed signed by him, wherein the forty 'acres were declared to be conveyed, was not in reality intended to be a sale of the land, but a mortgage;
2. That the second deed v.as signed and executed by him 'through “mistake, error and under duress, it not being the intention of respondent to deed said property to .plaintiff.”
The Court rejected the defenses urged by the defendant and decreed plaintiff to be the owner of the land and entitled to the undisturbed possession thereof. Defendant appealed. The order of appeal was signed in chambers. The scope of the appeal was, in petition' therefor, limited to relief not prayed for by the appellant in his answer to the merits. It is said in the petition, for the order of appeal, viz: “Comes Dennis Owens, made Defendant and Plaintiff in reconvention * * * for the purpose of appealing from the judgment signed by this Honorable Court on the 30th day of June, 1949, with respect to failwe of said judgment to provide for payment'in full, of cash and other considerations', to Dennis Owens, mentioned in deeds referred to in said judgment”: No deeds are mentioned or referred to in said judgment.
The record discloses that the balance due on the mortgage to Federal Land Bank was paid off in full by the plaintiff on October 15, 1945, many years prior to the expiration of the term stipulated for its payment.
Appellant is in error with regard to a reconventional demand. None was set up in his answer. He prayed that plaintiff’s demand be rejected;’ that the deed to the forty-acre tract be decreed null and void, or in the alternative, be reformed so as to evidence a mortgage, and that the deed to the fifty acres be decreed null and void. To no extent did he pray, by reconvention or in the alternative, for an adjustment of the financial differences, if any, between' him and the plaintiff, arising from the two deeds involved herein. It is obvious that appellant was not entitled to an appeal on the grounds alleged in his application therefor, and, for this reason, the appeal is hereby dismissed at his cost.